## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID BOWDLER,

      Plaintiff,

v.                            Case No:  2:13-cv-539-FtM-38CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.

---

## ORDER

    Before the Court is Plaintiff's Motion to Compel (Doc. 27) filed on April 21, 2014.   Defendant's Opposition (Doc. 28) was filed on May 5, 2014.   This is a first-party insurance bad faith action brought pursuant to Fla. Stat. § 624.155, arising out of an earlier lawsuit concerning coverage for underinsured motorist benefits. Defendant removed the case to this Court based on diversity jurisdiction.   Doc. 1. Plaintiff David Bowdler ("Bowdler") moves to compel Defendant State Farm Mutual Insurance Company ("State Farm") to produce documents listed on its privilege log as protected by the Florida mediation privilege.   Doc. 27-3.   State Farm responds that the documents are protected because the documents contain mediation communications and are irrelevant.   State Farm, as the party asserting privilege, bears the burden of proof.   *Tyne v. Tyne Warner Entertainment Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002).   For the reasons stated herein, the Court finds that the

documents are not protected by the mediation privilege and are relevant; therefore, the Motion is granted.

### I.   Background

Bowdler had $2 million in underinsured motorist coverage through a policy with State Farm.   On December 27, 2008, Bowdler was in a car accident with another driver who was considered an "underinsured motorist" with bodily injury limits of $25,000.   Doc. 2 at 2.   Bowdler settled with and released that driver upon payment of the policy limits.   Doc. 27-2 at 1.   Plaintiff filed a claim with State Farm and thereafter filed suit against State Farm in state court ("underlying litigation"). State Farm did not dispute coverage, but the parties disagreed as to the amount of Plaintiff's damages.   *Id.* at 2.   After the parties attempted but were unable to resolve the underlying litigation through mediation ("underlying mediation"), the case went to jury trial and resulted in a $3,019,955.00 verdict for the Plaintiff.   *Id.* Judgment was thereafter entered against State Farm.   *Id.*   State Farm has not paid the amount of the judgment.   Doc. 3 at ¶ 16.   In this lawsuit, Plaintiff alleges that State Farm handled his underinsured motorist claim in the underlying litigation in bad faith by, among other things, failing to timely pay him the benefits he purchased and to settle his claim when Defendant could and should have done so.   Doc. 2 at ¶ 10, 13.

On July 22, 2013, Plaintiff served a Request to Produce on State Farm.   Doc. 27-1.   State Farm responded (Doc. 27-2) and produced a privilege log (Doc. 27-3).   At issue in this Motion to Compel are six activity log notes ("log notes") that were

withheld or redacted by State Farm in response to Request No. 1 based on the

mediation privilege.   Doc. 27-3 at 6.   Request No. 1 requests State Farm to produce:

> All of the claim files maintained by the Defendant, STATE FARM, or anyone on behalf of the Defendant, STATE FARM, including but not limited to the local, regional and home office files, with regard to BOWDLER's uninsured/underinsured motorist claim against STATE FARM, cover to cover, including original jackets and everything contained in the files through July 25, 2011, the date of the Final Judgment was entered against STATE FARM.

Doc. 27-1 at ¶ 1.   State Farm responded:

> **Response**:   State Farm objects to the Request to the extent it seeks materials protected by the attorney-client privilege.   State Farm further objects to the production of documents created for the purpose of evaluating and investigating the allegations of bad faith, as these documents are protected under the work-product doctrine and also include documents protected under the attorney-client privilege.
>
> Subject to the foregoing objections, State Farm has produced as part of its initial Rule 26 Disclosures the relevant and non-privileged portions of the subject claim file related to the handling of the underlying underinsured motorist claim up through July 25, 2011.   State Farm has identified on a Privilege Log those documents, or portions thereof, in the claim file and the file created by the Section Manager, related to plaintiff's underinsured motorist claim and generated or created during the relevant time period which have been withheld and are protected from disclosure.

Doc. 27-2 at 4.   State Farm's privilege log provides, in relevant part:

| 100128 | 7/19/10<br>7/14/10 | Redacted Claim Activity Log entries re: communications during mediation in the underlying litigation | Mediation Privilege |
|---|---|---|---|
| 100128-100129 | 7/14/10 | Redacted Claim Activity Log entries re: | Mediation Privilege |

| | | communications during mediation in the underlying litigation | |
|---|---|---|---|

Doc. 27-3 at 6.

## II.    Analysis

Plaintiff moves to compel the log notes, arguing that because the parties to the underlying mediation are the same two parties in this bad faith action, the log notes are not protected by Florida's mediation privilege.    Fla. Stat. § 44.405(1).    State Farm argues that the log notes are protected and are irrelevant because they are not admissible at trial.[1]

### A.    Mediation Privilege

State Farm describes the log notes as constituting an "analysis of the entire mediation proceeding and log notes relating to events that occurred at mediation" and as "claim file notes summarizing or analyzing communications that took place at mediation."    Doc. 28 at 3-4.    Under Florida law, all mediation communications shall be confidential, and participants shall not disclose a mediation communication to a person other than another mediation participant[2] or a participant's counsel.    Fla. Stat. § 44.405.    Under the definitions section of the Florida statute, a "mediation

---

[1] State law governs the existence of a privilege in diversity cases.    *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2010 WL 5161838, at *4 (M.D. Fla. Dec. 14, 2010).

[2] A "mediation participant" is defined under Florida statutes as "a mediation party or a person who attends a mediation in person or by telephone, videoconference, or other electronic means."    Fla. Stat. § 44.403(2).

communication means an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation."   Fla. Stat. § 44.403(1).   Plaintiff relies on *MapleWood Partner, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 626-27 (S.D. Fla. July 16, 2013), which ordered that documents withheld from production based upon the mediation privilege be produced because plaintiffs, defendants, and their counsel attended the mediation.   *Id.*   State Farm responds that *MapleWood* is not applicable to this case because it is not withholding communications between mediation participants; rather, it is withholding its internal analysis and summary of communications that took place at the underlying mediation proceedings.

The Court finds that statutory mediation privilege does not apply to the log notes in these circumstances.   It does not appear based upon State Farm's description of the log notes that the entirety of the log notes are "mediation communications" as defined by the statute, which are oral or written assertions by or to a mediation participant during the course of the mediation.   *See* Fla. Stat. § 44.403(1).   Rather, State Farm describes the log notes as a summary and analysis of communications that took place at the underlying mediation.[3]   The Court agrees with Plaintiff that a summary of communications made during the mediation would be considered mediation communications, and the privilege would not apply to these

_____

[3] The privilege log does not state who the authors of the log notes are.   Plaintiff states that the log notes were authored by State Farm adjusters.   Doc. 27 at ¶ 4.

communications because Plaintiff and Plaintiff's counsel were participants in the underlying mediation.   Further, State Farm's internal analysis of the communications that occurred at mediation does not fall within the statutory definition of "mediation communications," because it is not an oral or written statement made by or to a mediation participant during the course of the mediation. While this portion of the log notes may be protected by some other privilege, such as attorney-client or work product, State Farm only asserted the mediation privilege in its privilege log.   Thus, State Farm is directed to produce the log notes.

### B.   Relevance

State Farm next argues the log notes contain confidential mediation information that is irrelevant, because the conduct surrounding mediation is inadmissible at trial, citing Federal Rule of Evidence 408, and because the log notes are protected by the mediation privilege.   The standard for relevancy is not admissibility at trial; rather, if the information appears reasonably calculated to lead to the discovery of admissible evidence and is not privileged, it is discoverable.   Fed. R. Civ. P. 26(b)(1).

In this case, Plaintiff alleges that State Farm engaged in bad faith in the underlying litigation by failing to settle the case when it should have.   The log notes concerning the underlying mediation are relevant, even if not ultimately admissible at trial, as the log notes could lead to the discovery of admissible evidence regarding Plaintiff's claim.   Further, State Farm has not shown that the log notes are otherwise protected by any privilege.   Whether the log notes are admissible at trial

is not the standard used at this stage of the proceedings. Thus, State Farm is directed to produce the log notes.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion to Compel (Doc. 27) is **GRANTED**. State Farm shall produce the log notes on or before **May 23, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of May, 2014.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record